FILED

January 13, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 11:09 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **DEONYA HENDERSON** | ) | **Docket No.: 2016-05-0536** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 18627-2016** |
| **STAFF MANAGEMENT/SMX** | ) | |
| **Employer,** | ) | **Judge Dale Tipps** |
| **And** | ) | |
| **NEW HAMPSHIRE INS. CO.** | ) | |
| **Insurance Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This matter came before the undersigned Workers' Compensation Judge on January 10, 2017, on the Request for Expedited Hearing filed by Deonya Henderson pursuant to Tennessee Code Annotated section 50-6-239 (2016). The present focus of this case is whether Ms. Henderson is entitled to medical and temporary disability benefits for her alleged neck injury. The central legal issue is whether the evidence is sufficient for the Court to determine that Ms. Henderson is likely to establish at a hearing on the merits she suffered an injury arising primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court holds Ms. Henderson is not entitled to the requested medical benefits at this time.

### History of Claim

The following facts were established at the Expedited Hearing. Ms. Henderson began working at Amazon through her employer, SMX, an employee-leasing company, in November 2015. She reported injuring her neck while at work on February 27, 2016. SMX provided limited medical treatment onsite for several days before giving Ms. Henderson a medical panel from which she selected CareSpot.

Ms. Henderson saw Dr. David Daniels at CareSpot on at least two occasions and, based on his restrictions, SMX provided her with light duty work in its office until it terminated her employment on March 31.[1] She testified that Dr. Daniels eventually

---

[1] SMX submitted an affidavit explaining that Ms. Henderson was in the process of "converting," or becoming an

referred her to Dr. William Ledbetter, an orthopedic surgeon.

SMX approved the orthopedic referral, and Dr. Ledbetter first saw Ms. Henderson on April 12 for complaints of neck and left arm pain with associated numbness. He noted she "has had problems with her neck for many years." He also reviewed a January 2015 MRI report that showed a C4-5 left paracentral disc protrusion as well as stenosis and narrowing on several levels. Ms. Henderson's prior treatment included physical therapy, but she reported no significant neck symptoms immediately prior to the alleged work injury. Dr. Ledbetter recommended a new cervical MRI, prescribed Oxycodone, and assigned light duty restrictions. (Ex. 9 at 27-31.)

The cervical MRI performed a few weeks later showed: "Multilevel degenerative change with endplate osteophyte formation and facet hypertrophy. Overall the exam appears similar to the [January 2015] study. This includes C4-5 LEFT greater than RIGHT foraminal narrowing as well as C5-6 LEFT greater than RIGHT foraminal narrowing. No interval adverse change." *Id*. at 42-43. (Emphasis in original.)

The parties submitted no additional treatment notes, but a Physician's Report form shows that Ms. Henderson returned to Dr. Ledbetter on June 20. He continued her restrictions and recommended a consultation with a spine specialist.

At around the same time, Dr. Ledbetter responded to a causation request letter from a claims representative for SMX's workers' compensation carrier. Asked whether Ms. Henderson's work "contributed more than 50% in causing disablement or the need for medical treatment for the cervical spine injury/conditions, considering all causes," Dr. Ledbetter selected the "No" response. *Id*. at 44. Citing Dr. Ledbetter's opinion, SMX denied Ms. Henderson's claim on June 27. (Ex. 3.)

Following the denial of her claim, Ms. Henderson sought treatment on her own from Dr. Juris Shibayama. His November 15 note shows that he saw her for a surgical consultation requested by Dr. Ledbetter. After examining Ms. Henderson, he assessed cervical radiculopathy and offered both surgical and conservative treatment options. He also noted:

> In terms of causation, she states she never had problems with her neck or left arm prior to this work-related incident on February 27, 2016. She immediately reported the injury and sought treatment right away and was unable to work. I would state that the work condition is 51% or greater the cause of her symptoms. Certainly, she had some preexisting disc degeneration, but this was asymptomatic prior to her lifting injury.

employee of Amazon, when Amazon determined she did not qualify for employment. As a result, SMX terminated her employment pursuant to its written policies.

2

Therefore, I would say that this is a work-related injury.

(Ex. 6.)

At the Expedited Hearing, Ms. Henderson asserted she is entitled to medical treatment and temporary disability benefits beginning on the date SMX terminated her employment. She relied on Dr. Shibayama's opinion as proof that she suffered a compensable injury.

SMX countered that Ms. Henderson is not entitled to any workers' compensation benefits. It noted the authorized treating physician, Dr. Ledbetter, opined Ms. Henderson's condition is not work-related, and it argued his opinion is presumed correct. Because Ms. Henderson has not provided sufficient evidence to overcome that presumption, SMX contended that she did not meet her burden of proving the injury arose primarily out of and in the course and scope of her employment.

## Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Ms. Henderson need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

SMX contends Ms. Henderson failed to produce sufficient evidence to show she is likely to prevail at a hearing on the merits on the issue of causation. To prove a compensable injury, Ms. Henderson must show that her alleged injury arose primarily out of and in the course and scope of her employment. *Id.* at § 50-6-102(14). To do so, she must show her injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. *Id.* at § 50-6-102(14)(A). Further, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." *Id.* at § 50-6-102(14)(C). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *Id.* at § 50-6-102(14)(D).

Applying these principles to the facts of this case, the Court cannot find Ms. Henderson appears likely to meet her burden of proof. Although she presented unrefuted evidence of an incident identifiable by time and place of occurrence, Ms. Henderson failed to meet the requirements of the second part of the analysis – medical proof that her work was the primary cause of her injury and/or the primary cause for the need for

3

treatment.

As noted above, the parties submitted conflicting medical opinions. However, Dr. Ledbetter's opinion is entitled to particular consideration because the doctor she initially selected from a panel referred Ms. Henderson to him. Tennessee Code Annotated section 50-6-102(14)(E) (2016) establishes a rebuttable presumption of correctness for any causation opinion given by an authorized physician. Dr. Ledbetter's opinion that Ms. Henderson's reported work incident did not contribute more than fifty percent in causing her injury is thus presumed correct.

The question then faced by the Court is whether Ms. Henderson appears likely to rebut this presumption by a preponderance of the evidence. The Court cannot make such a finding at this time. The only other medical causation evidence was the opinion of Dr. Shibayama. Although he provided a detailed rationale for his conclusion, he appears to have based it, at least in part, on Ms. Henderson's statement that "she never had problems with her neck or left arm prior to this work-related incident" and his belief that her pre-existing condition was asymptomatic before the work incident. The Court recognizes that Dr. Shibayma, if presented with a more accurate history of Ms. Henderson's cervical problems and treatment, might still reach the same conclusion. Until then, however, the foundation of his causation opinion is too uncertain to rebut Dr. Ledbetter's conclusion.

Based on the foregoing, as a matter of law, Ms. Henderson has not come forward with sufficient evidence from which the Court can conclude she is likely to prevail at a hearing on the merits. Her requests for medical and temporary disability benefits are denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Henderson's claim against SMX and its workers' compensation carrier for the requested medical and temporary disability benefits is denied.

2. This matter is set for a Scheduling Hearing on March 28, 2017, at 9:00 a.m.

    **ENTERED this the 13th day of January, 2017.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Scheduling Hearing:

A Scheduling Hearing has been set with **Judge Dale Tipps, Court of Workers'**

4

**Compensation Claims.  You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note:  <u>You must call in on the scheduled date/time to participate.</u>  Failure to call in may result in a determination of the issues without your further participation.  All conferences are set using Central Time (CT).**

**APPENDIX**

Exhibits:
1. Affidavit of Deonya Henderson
2. C-20 First Report of Injury
3. C-23 Notice of Denial
4. C-42 Physician Panel
5. Wage Statement
6. Records from Tennessee Orthopaedic Alliance
7. Transcript of Ms. Henderson's recorded statement
8. Affidavit of Stephanie Riley
9. Indexed medical records
10. Accident Report
11. Emails from Dawn Schwartz (Identification Only)
12. Physician's Report
13. Associate First Report of Injury

Technical record:[2]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 13th day of January, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| **Deonya Henderson** | X | | | | X | P.O. Box 10442, Murfreesboro, TN 37129 jejuanh@yahoo.com |
| **Jared Renfroe** | | | | | X | jrenfroe@spicerfirm.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**